UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stephanie Surratt, individually and on behalf of all others similarly situated, | 1:22-cv-00650 |
| Plaintiff, | Hon. Martha M. Pacold |
| - against - | |
| CVS Pharmacy, Inc., | |
| Defendant | |

The parties have conferred as required by the Court's individual rules and its Minute Entry of October 13, 2022 (ECF Doc. 26), and jointly submit the following reassignment joint status report.

**I.     Nature of the Case**

A.     Spencer Sheehan representing Plaintiff Stephanie Surratt ("Plaintiff") as lead counsel. Timothy P. Collins representing CVS Pharmacy, Inc. ("Defendant") as lead counsel.

B.     Plaintiff submits that jurisdiction is based upon the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff is a citizen of Aurora, Kane County, Illinois. Defendant is a Rhode Island corporation with a principal place of business in Woonsocket, Rhode Island, Providence County. The aggregate amount in controversy allegedly exceeds $5 million dollars, including any statutory damages, exclusive of interest and costs.

C.     As alleged in the Complaint, this is an action brought against Defendant for alleged violation of the consumer protection laws of this state for Defendant's allegedly false, deceptive, and unlawful marketing and sales of its infant formula with iron for children between 9 and 18 months sold under the CVS Health brand which purports to be

nutritionally appropriate for a child in the identified age range ("Product"). Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6). Defendant alleges that Plaintiff fails to adequately plead her claims and cannot state a plausible basis for relief. Specifically, Defendant argues that no reasonable consumer would be misled by the Product and Plaintiff's claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act fails as a matter of law. Defendant will raise its affirmative defenses if Plaintiff's claims survive Defendant's Motion to Dismiss and Defendant is ordered to file its Answer to Plaintiff's Complaint.

D. Plaintiff seeks preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law; injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws; awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims; awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and other and further relief as the Court deems just and proper.

E. At this time, Plaintiff is not aware of anyone else that needs to be served.

## II. Discovery and Pending Motions

A. Defendant's Motion to Dismiss for Failure to State a Claim, filed on July 18, 2022, is fully briefed and pending before the Court.

B. This case is not part of the "Mandatory Initial Discovery Pilot Project."

C. No discovery schedule has been previously set in this case. Defendant's Motion to Dismiss is still pending and the parties do not intend to engage in discovery until the Court

rules on Defendant's Motion. Should this case continue beyond the motion to dismiss stage, the parties will submit a joint proposed scheduling order to the Court and engage in discovery in accordance to that schedule to the extent So Ordered by the Court.

D. No substantive rulings have been issued in this case.

E. Plaintiff intends to file a Motion for Class Certification should this case continue beyond the Motion to Dismiss. Defendant anticipate filing a Motion for Summary Judgment after the completion of fact discovery.

III. **Trial**

A. Plaintiff has demanded a jury trial on all matters so triable.

B. The parties respectfully submit that it is premature to set trial dates until after adjudication of class certification, however the parties anticipate being ready for trial by May 2024.

C. No final pretrial order has been filed nor has there been a deadline set for filing such an order.

D. The parties anticipate a trial of five to seven days.

IV. **Consent and Settlement Discussions**

A. The case has not been referred to a Magistrate Judge for discovery supervision and/or a settlement conference.

B. The parties have not discussed settlement at this point. The parties believe that if this Court determines the case should move past the pleading stage, settlement discussions may be appropriate.

C. The parties do not request a settlement conference at this time.

      D.      Having informed their respective clients of the possibility of proceeding before the assigned Magistrate Judge, the parties do not unanimously consent to proceed before the Magistrate Judge.

**V.      Reassignment Status Conference**

      A.      The parties do not request a reassignment status conference at this time.

Dated:    October 19, 2022

Respectfully submitted,

| | |
|---|---|
| HeplerBroom LLC | Sheehan & Associates, P.C. |
| /s/Timothy P. Collins | /s/Spencer Sheehan |
| Timothy P. Collins | Spencer Sheehan |
| timothy.collins@heplerbroom.com | spencer@spencersheehan.com |
| 70 W. Madison Ste 2600 | 60 Cuttermill Rd Ste 409 |
| Chicago, IL 60602 | Great Neck NY 11021 |
| Tel: (312) 230-9100 | Tel: (516) 268-7080 |

SHEPPARD, MULLIN, RICHTER & HAMPTON
*/s/ Paul W. Garrity*
Paul W. Garrity (Pro Hac Vice)

30 Rockefeller Plaza
New York, New York 10112
Tel.  (212) 653-8700
Fax  (212) 653-8701
pgarrity@sheppardmullin.com

| | |
|---|---|
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |